UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| Cielo Stein,<br><br>    Plaintiff,<br><br>v.<br><br>Neos Therapeutics, Inc. and<br>Aytu Biopharma, Inc.,<br><br>    Defendants. | ***Electronically Filed***<br><br>Case No. ___3:23CV-115-DJH_____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Neos Therapeutics, Inc. ("Neos") and Aytu Biopharma, Inc. ("Aytu") (collectively, "Defendants") hereby remove the above-captioned case from the Circuit Court in and for Jefferson County, Commonwealth of Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. Removal is proper on the following grounds:

**I.     Plaintiff Filed Suit in Kentucky State Court.**

1.     On February 1, 2023, Plaintiff filed a Complaint in the civil action captioned *Cielo Stein v. Neos Therapeutics, Inc. and Aytu Biopharma, Inc.*, Case No. 23-CI-000692, in the Circuit Court in and for Jefferson County, Commonwealth of Kentucky (the "State Court Action"). On February 7, 2023, Plaintiff served Defendants with a Summons and Complaint in the State Court Action. (Summons and Complaint, attached hereto as **Exhibit A**, p. 1.) As required by 28 U.S.C. § 1446(a), Exhibit A contains the documents filed in the State Court Action. (*See* Docket Report, accessed Mar. 7, 2023, attached hereto as **Exhibit B**.)

2.     This Court's Louisville Division embraces, among other Kentucky counties, Jefferson County. *See* 28 U.S.C. §§ 97(b) and 1441(a).

3.      Counsel who have appeared or who will appear shortly in the State Court Action
are as follows:[1]

**For Plaintiff:**

Robyn Smith
Adam Johnson
Preston J. Spicer
LAW OFFICE OF ROBYN SMITH
4350 Brownsboro Road, Suite 110
Louisville, Kentucky 40207
*firm@robynsmithlaw.com*
(502) 893-4569

**For Defendants:**

Shannon Antle Hamilton
Calesia S. Henson
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
*chenson@stites.com*
(502) 681-0576

4.       Plaintiff alleges two causes of action against both Defendants: (1) violation of the
Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*; and (2) constructive discharge. (Ex.
A, Compl. at ¶¶ 98–114.)

5.      Plaintiff's claims against Defendants relate to her employment with Neos, which is
a subsidiary wholly owned by Aytu. (*Id.* ¶¶ 8-9.)

6.      Neos' December 30, 2019 offer letter to Plaintiff (attached hereto as **Exhibit C** (the
"Offer Letter")) describes the compensation provided by Neos to Plaintiff, including, in relevant
part:

  a.      An annual salary of $70,000;

  b.      A collective $423.08, paid bi-weekly (totaling $11,000.08 per year), for car
          allowances and cell phone and internet reimbursements;

  c.      Eligibility to participate in Neos' 401(k) Investment Plan, including a 3%
          company match of the first 100% of employee-salary deferrals and a 50%

---

[1]      Although Defendants have not yet appeared in the State Court Action, Defendants'
Kentucky-based counsel will promptly notify the State Court of this removal to federal
court as required by 28 U.S.C. § 1446(d).

          company match of the next 2% of employee-salary deferrals, totaling $2,800 in possible annual-company-match benefits; and

    d.    A benefits program including medical insurance, prescription, vision, dental, life insurance, accidental death and dismembership insurance, and short-term and long-term disability coverage.

7.    Plaintiff's Complaint seeks damages including:

    a.    Loss of income and benefits, specifically including back pay (Ex. A, Compl. ¶ 108 and p. 12 ¶ (b));

    b.    Physical and emotional distress and mental anxiety, specifically including "humiliation, embarassment, personal indignity, apprehension about her past, current, and future economic well-being, emotional distress, and mental anguish" (*Id.* ¶ 108 and p. 12 ¶(c));

    c.    Statutory pre-judgment and post-judgment interest (*Id.* p. 12 ¶ (d)); and

    d.    An award of attorneys' fees and costs (*Id.* ¶ 109 and p. 12 ¶ (e)).

## II.    Federal Subject Matter Jurisdiction Exists Pursuant to 28 U.S.C. § 1331.

8.    This Court has original jurisdiction over matters in diversity as described at 28 U.S.C. § 1332(a):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>     (1)    citizens of different States;
>
>     (2)    citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3)     citizens of different States and in which citizens or subjects of a
foreign state are additional parties; and

(4)     a foreign state, defined in section 1603(a) of this title, as plaintiff
and citizens of a State or of different States.

**A.     Diversity of Citizenship Exists Between Plaintiff and All Defendants.**

**i.     Plaintiff is a citizen of Kentucky.**

9.      The Complaint alleges Plaintiff is a resident of the Commonwealth of Kentucky.
(Ex. A, Compl. ¶ 1.) Defendants' records show Plaintiff resides in, and is a citizen of, the
Commonwealth of Kentucky. For example, the Offer Letter was sent to Plaintiff's residence in
Louisville, Kentucky. (Ex. C at 1.) Plaintiff's background check form that she provided to Neos
lists a Kentucky driver's license (and no driver's license in any other state) and identifies addresses
in only Kentucky since 2006. (Attached hereto as **Exhibit D**.) After Plaintiff's employment with
Neos ended, she applied for unemployment benefits through the Commonwealth of Kentucky.
(Statement, dated March 31, 2021, attached hereto as **Exhibit E**.) Based on these records,
Defendants believe Plaintiff is a citizen of Kentucky.

**ii.     Neos is a citizen of Delaware and Texas, and Aytu is a citizen of
Delaware and Colorado.**

10.     Per 28 U.S.C. § 1332(c)(1), a corporation is the citizen of every state in which it is
incorporated or has its principal place of business. A corporation's principal place of business
typically refers to a single location "where a corporation's officers direct, control, and coordinate
the corporation's activities," and "in practice it should normally be the place where the corporation
maintains its headquarters—provided that the headquarters is the actual center of direction,
control, and coordination, *i.e.*, the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93, 96
(2010).

4862-0592-6226\11

11. The Complaint alleges Neos is a Foreign Business Entity incorporated in Delaware with its principal place of business in Texas. (Ex. A, Compl. ¶ 2.) This allegation is accurate. Neos is a Delaware corporation. (Certificate of Incorporation, attached hereto as **Exhibit F**.) Neos' principal place of business is in Grand Prairie, Texas. *See* Paul O'Donnell, "Grand Prairie-based Neos Therapeutics is Merging With a Colorado Pharma Company," THE DALLAS MORNING NEWS, https://www.dallasnews.com/business/health-care/2020/12/10/grand-prairie-based-neos-therapeutics-is-merging-with-a-colorado-specialty-pharma-company/, last accessed Mar. 8, 2023. Therefore, Neos is a citizen of Delaware and Texas.

12. The Complaint also alleges that Aytu is a foreign corporation with a principal place of business in California. This allegation is inaccurate. Aytu is a Delaware corporation. (Certificate of Incorporation, attached hereto as **Exhibit G**.) Aytu's principal place of business—its headquarters, from which nearly all of its officers work—is in Englewood, Colorado.[2] "About Us," Aytu Website, https://aytubio.com/about/#ABOUT-OVERVIEW, last accessed Mar. 8, 2023; "Aytu Biopharma, Inc.," Yahoo! Finance profile, https://finance.yahoo.com/quote/AYTU/profile/, last accessed Mar. 8, 2023; *see Hertz*, 559 U.S. at 92–93 and 96. For these reasons, Neos is a citizen of Delaware and Texas and Aytu is a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c)(1).

---

[2]     Aytu's presence in other states is comparatively limited. Aytu has an office in Berwyn, Pennsylvania with approximately ten employees and less than five officers, a manufacturing facility in Grand Prairie, Texas, a small warehouse in the State of California used only for shipping products for the company's Consumer Health division, and a personal office space for an officer located in North Carolina. However, as a general matter, Aytu's officers direct, control, and coordinate the company from Colorado.

4862-0592-6226\11

### iii.   Diversity of citizenship exists.

13.   Because Plaintiff is a citizen of Kentucky, Neos is a citizen of Delaware and Texas, and Aytu is a citizen of Delaware and Colorado, the citizenship requirement for removal is met. 28 U.S.C. § 1332(a)(2).[3]

14.   As of the time of removal, neither Neos nor Aytu is a citizen of Kentucky. Defendants do not own or lease any physical office space in Kentucky. Of the Defendants' 149 employees, only one employee lives in or regularly works in Kentucky. Only a fraction of Defendants' sales are generated from Kentucky: Sales generated from Kentucky account for less than one percent of Defendants' total sales in 2021, 2022, and 2023 (YTD). Because neither Defendant is a citizen of Kentucky, this matter remains removable under 28 U.S.C. § 1441(b)(2).

### B.   Plaintiff's Claimed Damages Satisfy the Amount-in-Controversy Requirement.

15.   Plaintiff requests, among other damages, back pay. (Ex. A, Compl. p. 12.) As noted above, Plaintiff's annual salary was $70,000. (Ex. C.) After Plaintiff's resignation from Neos, her last date of employment was February 18, 2022, and she brought suit against Defendants in February 2023. (Ex. A, Compl. p. 1 and ¶ 88.) Plaintiff's claimed back-pay damages from the last date of her employment with Neos to the date of filing this action, plus pre-judgment and post-judgment interest, exceeds $75,000 before the other damages she claims are considered and added to the total. *See, e.g., Lewis v. Leadec Corp.*, Civil Action No. 3:21-cv-04-DJH, 2021 U.S. Dist. LEXIS 252745, at *1-4 (W.D. Ky. April 20, 2021) (where plaintiff alleges damages including lost back pay, and where plaintiff's lost wages totaled approximately $70,776.96 as of the date of

---

[3]   Even if Aytu was a citizen of California, Pennsylvania, or North Carolina, which it is not, this matter would still be removable under 28 U.S.C. § 1332(a)(2) because (i) Plaintiff is not a citizen of California, Pennsylvania, or North Carolina, (ii) Plaintiff and Defendants would still be citizens of different states, and (iii) neither Defendant is a citizen of Kentucky.

removal, court finds amount-in-controversy requirement is satisfied based on accruing damages, interest, and costs).

16.     When the benefits-related damages claimed by Plaintiff are added to her potential lost-wage damages, including the $11,000.08 per year that Plaintiff received in employment-related reimbursements and allowances (Ex. C), her damages clearly surpass the $75,000 threshold.

17.     Plaintiff also seeks recovery for physical and emotional distress and mental anxiety. (Ex. A, Compl. ¶ 108.) This includes damages related to "humiliation, embarrassment, personal indignity, apprehension about her past, current, and future economic well-being, emotional distress, and mental anguish." (*Id.* p. 12, at ¶ (c).) District courts consider these types of damages when calculating the amount in controversy. *Davis v. Panda Express, Inc.*, Civil Action No. 3:20-cv-728-RGJ, 2021 U.S. Dist. LEXIS 128252, at *10 (W.D. Ky. July 7, 2021) (citation omitted). Although Plaintiff has not yet quantified her emotional-distress damages, these damages (if proven) likely exceed $5,001, and therefore also satisfy the amount-in-controversy requirement when added to Plaintiff's claimed lost wages and benefits-related damages.

18.     Finally, Plaintiff seeks an award of her attorneys' fees and costs under Ky. Rev. Stat. § 344.450. (Compl. ¶ 109.) Plaintiff's counsel has informed Defendants that her hourly rate for fee applications is $450 per hour. This potential attorneys' fees award is also considered as part of her amount in controversy. *See Bierne v. Faurecia Exhaust Sys.*, Civil Action No. 3:13-CV-01156-CRS, 2014 U.S. Dist. LEXIS 111773, at *7-8 (W.D. Ky. Aug. 13, 2014) (considering possible recovery of attorneys' fees under KCRA in determining whether amount-in-controversy requirement is met); *Blocker v. PPG Indus.*, Civil Action No. 3:17-cv-29-DJH, 2017 U.S. Dist. LEXIS 126040, at *7 (W.D. Ky. Aug. 9, 2017) (where plaintiff's claimed damages were

approximately $71,000, finding amount-in-controversy requirement met and denying motion for remand because, in part, there was "no doubt" plaintiff's legal fees through trial would exceed $5,000). Plaintiff's legal fees through trial in this matter will almost certainly exceed $5,001, therefore her attorneys' fees and claimed lost wages considered together meet the amount-in-controversy requirement.

19.      In total, considering all of Plaintiff's claimed damages (lost income and benefits, interest, costs, emotional distress, and attorneys' fees), the amount in controversy far exceeds the jurisdictional threshold, therefore removal is proper. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (defendant's amount-in-controversy allegation should be accepted unless contested by plaintiff or questioned by court).

## III.      All Other Procedural Requirements Are Satisfied.

20.      Because the Summons and Complaint were served on February 7, 2023 (Ex. A at 1), the Notice of Removal needed to be filed within 30 days—i.e., no later than March 9, 2023. *See* 28 U.S.C. § 1446(b). Therefore, Defendants timely filed this Notice of Removal.

21.      Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all adverse parties and filing a copy of this Notice in the State Court.

## IV.      Non-Waiver of Defenses.

22.      By this Notice of Removal, Defendants do not waive any defenses that may be available.

23.      By this Notice of Removal, Defendants do not admit any of the allegations in Plaintiff's Complaint.

4862-0592-6226\11

24.     For the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

WHEREFORE, this action is removed from the Kentucky Circuit Court in and for Jefferson County to the United States District Court for the Western District of Kentucky, Louisville Division.

[*SIGNATURE PAGE FOLLOWS*.]

4862-0592-6226\11

STITES & HARBISON, PLLC

Dated: <u>March 9, 2023</u>                          <u>*/s/ Calesia S. Henson*</u>
                                            Shannon Antle Hamilton (KY BAR NO. 82578)
                                            shamilton@stites.com
                                            Calesia S. Henson (KY BAR NO. 98507)
                                            chenson@stites.com
                                            400 West Market Street, Suite 1800
                                            Louisville, Kentucky 40202-3352
                                            Phone: (502) 681-0576
                                            Fax: (859) 253-9144


                                            DORSEY & WHITNEY LLP

                                            John T. Sullivan (*pro hac vice forthcoming*)
                                            *sullivan.jack@dorsey.com*
                                            Andrew T. James (*pro hac vice forthcoming*)
                                            *james.andrew@dorsey.com*
                                            Joshua Hughes (*pro hac vice forthcoming*)
                                            *hughes.josh@dorsey.com*
                                            Dorsey & Whitney LLP
                                            50 South 6th Street, Suite 1500
                                            Minneapolis, MN 55402
                                            Phone: (612) 340-2600
                                            Fax: (612) 340-2868

                                            *Attorneys for Defendants*
                                            *Neos Therapeutics, Inc. and*
                                            *Aytu Biopharma, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing document has been sent to all counsel of record through electronic service utilizing the Court's CM/ECF system on the 9th day of March, 2023.

/s/ *Calesia S. Henson*

Calesia S. Henson

4862-0592-6226\11