UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIELO STEIN,                                                                                                    Plaintiff,

v.                                                                                      Civil Action No. 3:23-cv-115-DJH

NEOS THERAPEUTICS, INC.,
and AYTU BIOPHARMA, INC.,                                                                            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Cielo Stein filed this action against her employer, Neos Therapeutics, Inc., and its parent company, Aytu Biopharma, Inc., in Jefferson County Circuit Court, alleging constructive discharge and violations of the antiretaliation provision of the Kentucky Civil Rights Act (KCRA). (D.N. 1-1)  Defendants removed the action to this Court (D.N. 1) and now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.N. 7)  Upon careful consideration, the Court will deny the motion to dismiss for the reasons explained below.

### I.

The Court "takes the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)).  The complaint alleges inappropriate behavior by Stein's manager, Paul Alberts.  (D.N. 1-1, PageID.18 ¶¶ 16, 21-25)  Stein alleges that because she rejected Alberts's advances, he began bullying her (*id.*, PageID.19 ¶ 28), depriving her of opportunities to train new hires (*id.*, PageID.19-20 ¶¶ 30-41), and questioning her expense reports (*id.*, PageID.20-22 ¶¶ 42-54).  Stein eventually resigned from her position after Alberts once again questioned her expense reports.  (*Id.*, PageID.24 ¶¶ 84-86)  Stein then filed this lawsuit, alleging that she had "engaged in activity protected by the KCRA when she opposed her supervisor's unwelcome sexual conduct"

1

(*id.*, PageID.26 ¶ 100) and levied "protests, rebukes, and opposition" (*id.*, PageID.26 ¶ 102), and that Neos and Aytu took adverse actions against Stein "because she engaged in these activities, protected under the KCRA." (*Id.*, PageID.26 ¶ 103)  Stein also brought a claim for constructive discharge against both defendants.  (*Id.*, PageID.27 ¶¶ 110-114)  Neos and Aytu move to dismiss the complaint, arguing that Stein failed to adequately allege that they are employers under the KCRA and that Stein's opposition was therefore not protected conduct.  (D.N. 7, PageID.68-69)

## II.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss.  *Id.* at 679.

The defendants argue that the complaint must be dismissed because Stein fails to allege that either of them employs eight or more employees in Kentucky.[1]  (D.N. 7, PageID.68-69)  Although the precise basis of their argument is unclear, the defendants appear to argue that this

---

[1] The defendants also move to dismiss Stein's constructive-discharge claim.  (*Id.*, PageID.72-73) Stein did not defend the viability of a constructive discharge claim, clarifying that she alleged the elements of constructive discharge as part of her retaliation claim and is not asserting an independent constructive discharge claim. (D.N. 18, PageID.115)  The Court therefore does not consider whether a constructive discharge claim would have been available had Stein asserted it.

deficiency is fatal to the complaint because (1) they cannot be held liable under the KCRA unless they are "employers" as defined by Ky. Rev. Stat. Ann. § 344.030(2), and (2) Stein lacked a good-faith belief that she was opposing practices made unlawful under the KCRA if the defendants are not "employers" and thus were not subject to Act's discrimination provision. (*See id.*, PageID.116-20 (addressing both arguments))  As explained below, neither argument merits dismissal.

**A.      Retaliation Liability Under the KCRA**

The defendants argue that the complaint "fails to allege sufficient facts that, taken as true, could allow the Court to conclude that either Defendant is subject to the KCRA."  (D.N. 7, PageID.71-72)  Specifically, the defendants claim that Stein does not allege facts showing that they are "employers" under the Act and that they thus cannot be liable under the KCRA's antiretaliation provision.  (*Id.*, PageID.68-69)

It is true that a defendant must usually be an "employer" as defined by the KCRA to be liable under the Act.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual . . . who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII. Because KRS Chapter 344 mirrors Title VII, we find our holding equally applicable to KRS Chapter 344.").  The antiretaliation provision of the KCRA, however, states that "[i]t shall be an unlawful practice for *a person* . . . [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter."  Ky. Rev. Stat. Ann. § 344.280 (emphasis added).  Accordingly, the Sixth Circuit has cautioned that

> [t]hough this statement from *Wathen* is generally true, it clearly does not apply to retaliation claims brought under Ky. Rev. Stat. § 344.280. This section does not "mirror" 42 U.S.C. § 2000e–3(a), the analogous retaliation provision of Title VII, which forbids retaliation by "an employer." Rather, § 344.280 forbids retaliation by "a person."

*Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 794 (6th Cir. 2000); *see also Lewis v. Quaker Chem. Corp.*, Nos. 99-5405, 99-5482, 229 F.3d 1152 at *7 (6th Cir. 2000) ("Because Kentucky

3

prohibits retaliation by a "person," we find that liability for unlawful retaliation under § 344.280 of the KCRA does not depend on the person's status as an "employer" under § 344.030(2).") (unpublished table decision). A "person" is defined under the KCRA as "one (1) or more individuals . . . corporations . . . or other legal or commercial entity." Ky. Rev. Stat. Ann. § 344.010(1). In her complaint, Stein alleges that "Defendant Neos Therapeutics, Inc. is a for-profit Delaware corporation" (D.N. 1-1, PageID.17 ¶ 2) and that "Defendant Aytu Biopharma, Inc. is a foreign corporation." (*Id.*, PageID.17 ¶ 3) Stein has thus adequately alleged that the defendants are subject to the KCRA for purposes of her retaliation claim. *See Morris*, 201 F.3d at 794; § 344.010(1).

**B.     Protected Activity**

While the defendants may be held liable for retaliating against opposition to a practice declared unlawful under the KCRA, Stein must plead and ultimately prove that she engaged in protected activity. *See* § 344.280. Federal courts have at times required plaintiffs to plead—as Defendants argue Stein failed to do here—that they opposed discriminatory practices by an "employer" as defined by the KCRA. *See Banados v. Alto-Shaam, Inc.*, No. CV 5:22-125-DCR, 2022 WL 2252750, at *2-3 (E.D. Ky. June 22, 2022) (stating that "while liability is not dependent upon an offender's status as an employer," if the plaintiff does not "sufficiently allege that the defendant was an 'employer' for purposes of her discrimination claim, then there was no underlying violation for a retaliation claim"); *Owens v. Ward*, No. CIV.A. 5:08-CV-413-K, 2009 WL 482097, at *7 (E.D. Ky. Feb. 25, 2009) ("If there is no 'employer' with at least eight employees, there is no 'practice declared unlawful' under Chapter 344."); *Himmelheber v. ev3, Inc.*, No. CIV.A. 3:07-CV-593H, 2008 WL 360694, at *2-3 (W.D. Ky. Feb. 8, 2008) (finding that plaintiff's failure to "sufficiently allege that ev3 is an 'employer' as defined by the

KCRA . . . leaves her retaliation claims without any underlying violation"). These federal cases, however, conflict with Kentucky precedents interpreting the KCRA. *See Smith v. Lewis*, No. 2018-CA-000180-MR, 2019 WL 2896018, at *4 (Ky. Ct. App. July 5, 2019) (rejecting defendant's argument based on *Owens*, citing Kentucky precedent that plaintiffs do not need to allege facts establishing a good-faith basis for believing that the conduct they opposed violated the KCRA).

The Kentucky Supreme Court has held that the antiretaliation provision of the KCRA protects any employee who acted with a good-faith belief that the actions she opposed were KCRA violations. *See Charalambakis v. Asbury Univ.*, 488 S.W.3d 568, 580 (Ky. 2016); *see also Asbury Univ. v. Powell*, 486 S.W.3d 246, 252 (Ky. 2016). A plaintiff therefore need not plead or prove that a KCRA violation actually occurred to sustain a retaliation claim. *See Powell*, 486 S.W.3d at 252 (holding that an employee need only have "'a reasonable and good faith belief' that the adverse employment practices she opposed were KCRA violations" and that "an underlying violation of the KCRA need not necessarily be proved to sustain a retaliation claim" (quoting *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012))). Moreover, under Kentucky law, a plaintiff alleging retaliation "under KRS Chapter 344 is entitled to the presumption that he is acting in good faith." *Charalambakis*, 488 S.W.3d at 580 (holding that defendants may be entitled to a jury instruction on reasonable good-faith belief in unlawful conduct only if the "defendant-employer advances sufficient proof at trial to place the good faith and reasonableness of the [plaintiff's] belief in doubt"). Thus, while a jury could ultimately find that Stein lacked a good-faith belief that the conduct that she opposed violated the KCRA, the Court may not dismiss the complaint on that basis. *See Crawford v. Kohl's Inc.*, No. CV 5:21-119-DCR, 2021 WL 4189617, at *3 (E.D. Ky. Sept. 14, 2021) (denying motion for judgment on the pleadings on plaintiff's KCRA retaliation claim because plaintiff "contend[ed] that she opposed what she reasonably and in good faith

believed was 'racially harassing conduct'"); *Meads v. Lexington-Fayette Urb. Cnty. Gov't*, No. CV 5:13-228-DCR, 2017 WL 2952283, at *5 (E.D. Ky. July 10, 2017) ("The Kentucky Supreme Court has made clear that a plaintiff alleging retaliation under the KCRA is not required to plead or affirmatively prove that he acted in good faith when he opposed a practice declared unlawful under the KCRA."); *Charalambakis*, 488 S.W.3d at 580; *Smith*, 2019 WL 2896018, at *4.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Defendants' motion to dismiss (D.N. 7) **DENIED**.

(2)    Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is hereby **REFERRED** to U.S. Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge Lindsay is further authorized and the Court requests that he conduct a settlement conference in this matter.

January 29, 2024

David J. Hale, Judge
United States District Court